## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **MATHEW HAND,**<br><br>               **Plaintiff,**<br><br>**v.**<br><br>**LIFE INSURANCE COMPANY OF NORTH AMERICA,**<br><br>               **Defendant.** | **Civil Action No. _____**<br><br><br>**COMPLAINT** |

### INTRODUCTION

1.      This complaint seeks legal and equitable damages arising from and relating to a long-term disability insurance policy issued, insured, and underwritten by Defendant.

2.      The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein.  To avoid unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3.      The factual allegations found in this complaint are not exhaustive and are presented throughout this complaint so as to provide Defendant with the requisite notice of the basis for Plaintiff's allegations.

### JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5.     Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## PARTIES

6.     Plaintiff Mathew Hand ("Mr. Hand") is a citizen of the United States and an insured participant under the long-term disability insurance policy ("LTD Policy") at issue in this lawsuit.

7.     Defendant Life Insurance Company of North America ("LINA") is the issuer and insurer of the LTD Policy at issue in this lawsuit.[1]  LINA does business as an admitted insurer and can be regularly found operating within and throughout the Commonwealth of Kentucky—DOI ID 300711.  LINA's registered agent for service of process in Kentucky is CT Corporation System, 306 W. Main Street, Suite 512, Frankfort, KY 40601.

## FACTS

8.     Mr. Hand is insured under the LTD policy issued and underwritten by LINA.

9.     Mr. Hand ceased work in May 2019 because of the physical limitations resulting from his disabling conditions and corresponding treatment regimen.  Subsequent to ceasing work, Mr. Hand has remained continuously disabled and unable to perform the duties necessary to engage in any gainful employment.

10.     After receiving short-term disability ("STD") benefits for the maximum duration, Mr. Hand's claim was transitioned to one for LTD benefits.

11.     On December 9, 2019, LINA *approved* Mr. Hand's claim for LTD benefits.

12.     On November 4, 2021, LINA wrote to Mr. Hand and advised him that his LTD

---

[1]     LINA is a wholly owned subsidiary of New York Life Insurance Company.

benefits were being terminated based on the policy's exclusion/limitation entitled "Limited Benefit Periods for Mental or Nervous Disorders."

13. Mr. Hand promptly and timely appealed LINA's decision.

14. LINA reversed its decision and reinstated Mr. Hand's LTD benefits—finding he satisfied the policy's "any occupation" of disability based upon a *physical* condition.

15. On June 4, 2025, *without any change* in his condition, LINA advised Mr. Hand it was *again* terminating his LTD benefits, stating in relevant part: "[a]fter completing our review of your claim, we are unable to continue paying benefits beyond June 4, 2025."

16. Mr. Hand *again* promptly and timely appealed LINA's decision.

17. On December 12, 2025, LINA upheld its decision to terminate Mr. Hand's LTD benefits, stating in relevant part: "[a]fter completing our review of your claim, we must uphold our prior decision to deny your claim for Long Term Disability (LTD) benefits beyond June 4, 2025."

18. Mr. Hand has met and continues to meet the requirements of the LTD Policy necessary to continue receiving monthly disability benefits.

19. In administering Mr. Hand's LTD claim, LINA actively sought to terminate his monthly disability benefits.

20. At all times relative hereto, LINA has been operating under an inherent and structural conflict of interest because any monthly disability benefits provided to Mr. Hand are paid from LINA's own assets with each payment depleting those same assets.

21. LINA's corporate culture pressures claims personnel to terminate claims, as well as to deny appeals, in order to reduce monthly disability benefits it must provide.

22. Employees who save LINA money by terminating or denying claims are more

- 3 -

likely to be rewarded (e.g. with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

23. Mr. Hand has exhausted his administrative remedies.

24. Mr. Hand's complaint is timely and is not otherwise time barred.

## CLAIMS

### I. BREACH OF CONTRACT

25. The LTD Policy constitutes a written contract.

26. LINA breached the terms of the LTD Policy by, among other things, improperly terminating Mr. Hand's monthly disability benefits.

27. LINA's breach of the LTD Policy damaged Mr. Hand, not only in the loss of his monthly disability benefits, but also in the loss of earnings on his monthly disability benefits, the loss of opportunity, and the attorneys' fees and costs incurred.

28. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Mr. Hand to enforce the contractual terms of the LTD Policy, to receive reinstatement and payment of past-due monthly disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

### II. ATTORNEYS' FEES & COSTS

29. As a result of LINA's improper conduct, Mr. Hand has incurred attorneys' fees and costs.

30. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Mr. Hand to recover his reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

31. Mr. Hand requests the Court to enter judgment in his favor and against LINA on

all claims asserted herein, to include legal and equitable relief as appropriate.

32.    Mr. Hand requests the Court award reasonable attorneys' fees and costs.

33.    Mr. Hand  requests the Court award pre- and post-judgment interest at the greater of 12% or the rate earned by LINA on the unpaid benefits.

34.    Mr. Hand requests the Court to award any and all other legal or equitable relief to which he may be entitled.

35.    Mr. Hand requests leave to amend his claims when and as necessary to ensure she receives substantial justice.

36.    Mr. Hand requests the Court deem his pleadings to conform to the evidence.

* * * * * * * *

Respectfully submitted,

/s/ Andrew M. Grabhorn

**Grabhorn Law | Insured Rights®**

Michael D. Grabhorn, CLU ChFC (KBA 89842)
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn (KBA 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky 40223
p: 502.244.9331
f: 502.244.9334

***Counsel for Plaintiff***