**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

NATIONWIDE GENERAL
INSURANCE
COMPANY and NATIONWIDE
MUTUAL
INSURANCE COMPANY,

          *Plaintiffs,*

   v.

DAVID R. CREAGER,
CUMBERLAND SMI OPCO, LLC d/b/a
STATE DOCK MARINA,
STATE DOCK F&B, LLC d/b/a
STATE DOCK MARINA,
SMI TRS OPCO, LLC d/b/a
STATE DOCK MARINA,
CUMBERLAND SMI OPCO SERIES
d/b/a STATE DOCK MARINA, and
SUNTEX MARINA INVESTORS, LLC
d/b/a  STATE DOCK MARINA,
          *Defendants.*

No. 26-CV-_____

## COMPLAINT FOR DECLARATORY RELIEF

COME NOW the Plaintiffs, Nationwide General Insurance Company ("Nationwide General") and Nationwide Mutual Insurance Company ("Nationwide Mutual") (collectively, "Nationwide"), by counsel, pursuant to 28 U.S.C. § 2201(a), § 2202, and § 1332(a), and Rules 8(a) and 57 of the Federal Rules of Civil Procedure, and for its Complaint against David R. Creager ("Creager") and Cumberland SMI OPCO, LLC d/b/a State Dock Marina, State Dock F&B, LLC d/b/a State Dock Marina, SMI TRS OPCO, LLC d/b/a State Dock Marina, Cumberland SMI

OPCO Series d/b/a State Dock Marina, and Suntex Marina Investors, LLC d/b/a State Dock Marina (collectively "State Dock Marina"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Nationwide General is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in Columbus, Ohio.

2.    Nationwide Mutual is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in Columbus, Ohio.

3.    Upon information and belief, David R. Creager is resident of the State of West Virginia who resides in Shady Spring, Raleigh County, West Virginia.

4.    Upon information and belief, Cumberland SMI OPCO, LLC d/b/a State Dock Marina is incorporated in the State of Delaware and has its principal place of business in the State of Texas.

5.    Upon information and belief, State Dock F&B, LLC d/b/a State Dock Marina, is incorporated in the State of Delaware and has its principal place of business in the State of Texas.

6.    Upon information and belief, SMI TRS OPCO, LLC d/b/a State Dock Marina, is incorporated in the State of Delaware and has its principal place of business in the State of Texas.

7.    Upon information and belief, Cumberland SMI OPCO Series d/b/a State Dock Marina, is incorporated in the State of Delaware and has its principal place of business in the State of Texas.

8.    Upon information and belief, Suntex Marina Investors, LLC d/b/a State Dock Marina, is incorporated in the State of Delaware and has its principal place of business in the State of Texas.

9.      Upon information and belief, Kyle Helm, the General Manager of State Dock Marina in Jamestown, Kentucky, is a resident of the State of Kentucky.

10.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists between the Plaintiffs and each of the Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

11.      Consistent with 28 U.S.C. § 1391(b)(2), this Court is the appropriate venue for this action as it arises from events which took place in Russell County, Kentucky. This Court is the division assigned to Russell County, Kentucky disputes pending before this Court.

### GENERAL ALLEGATIONS

12.      In this case, Nationwide is seeking declaratory relief with respect to liability insurance coverage under a Homeowner Policy issued by Nationwide General and a Boatowner Policy issued by Nationwide Mutual to Defendant David R. Creager and with respect to the claims brought by the State Dock Marina Defendants against David R. Creager in the underlying civil action styled *Matthew Creager v. Cumberland SMI OPCO, LLC d/b/a State Dock Marina, State Dock Marina F&B, LLC d/b/a State Dock Marina, SMI TRS OPCO, LLC d/b/a State Dock Marina, Cumberland SMI OPCO Series, LLC d/b/a State Dock Marina, and Suntex Marina Investors, LLC d/b/a State Dock Marina v. David R. Creager*, Civil Action No. 25-CI-00220, pending in Russell Circuit Court in Kentucky.

13.      The Complaint in Civil Action No. 25-CI-00220 alleges that on August 3, 2024, Matthew Creager was an invitee aboard a houseboat rented by David R. Creager from State Dock Marina for social recreation on Lake Cumberland. The Complaint also alleges that the houseboat included a slide affixed to the upper deck, and access to the slide was through an area which was unreasonably slippery and lacked any non-skid treatment or other traction-enhancing measures,

and had no visible warnings advising users of the slip hazard.  In addition, the Complaint alleges that while attempting to approach and use the slide, Matthew Creager stepped on the slick surface, lost traction and fell, striking the deck and adjacent railing, causing him to sustain severe injuries.

14.     The Complaint in Civil Action No. 25-CI-00220 asserts a claim for negligence against State Dock Marina in Count I, a claim for negligence against the general manager for State Dock Marina in Count II, and a claim for respondeat superior against State Dock Marina for the actions of its employees and agents in Count III. The Complaint brought by Matthew Creager does NOT assert any claims or causes of action against David R. Creager.

15.     The Complaint in Civil Action No. 25-CI-00220 demands damages for past and future medical expenses, past and future pain and suffering, permanent impairment and loss of enjoyment of life, lost wages and diminished earning capacity, scarring and disfigurement, and all other actual, consequential, and incidental damages in Count IV. The Complaint also demands punitive damages in Count V, on the grounds that State Dock Marina acted with gross negligence, reckless disregard, and conscious indifference to the safety of invitees.  A copy of the Complaint is attached as **Exhibit A.**

16.     State Dock Marina subsequently filed a Third-Party Complaint against David R. Creager in Civil Action No. 25-CI-00220, asserting a claim for contractual indemnity in Count I, alleging that he is contractually obligated to provide indemnification to State Dock Marina under the terms of the rental agreement.  The Third-Party Complaint also asserts a claim for apportionment in Count II, alleging that David R. Creager was the active and primary cause of the injuries and damages about which Matthew Creager complains, and if State Dock Marina is adjudged liable, then it is entitled to apportionment as a result of such negligence.  In addition, the Third-Party Complaint asserts a claim for negligence in Count III, alleging that David R. Creager

owed a duty to State Dock Marina and the invitees on the houseboat to maintain and operate the houseboat in a reasonably safe manner while using it, that he breached the duty, and that his breach of duty was the proximate cause of the injuries and damages about which Matthew Creager complains.[1]

17. The Third-Party Complaint in Civil Action No. 25-CI-00220 demands judgment dismissing the Complaint against State Dock Marina; judgment in favor of State Dock Marina and against David R. Creager for any and all monies it is forced to pay or expend as a result of the claims asserted by Matthew Creager; judgment for negligence, indemnification, contribution and/or apportionment against David R. Creager; a judgment of indemnity against David R. Creager; an apportionment instruction at trial as to Matthew Creager and David R. Creager; costs and expenses incurred, including attorney's fees; and all other relief to which State Dock Marina may be entitled. A copy of the Third-Party Complaint is attached as **Exhibit B**.

18. Nationwide General issued a Homeowner Policy to David R. Creager, Policy No. 9247HR046610, with a Policy Period of October 13, 2023 to October 13, 2024, which provided Personal Liability Coverage with a Limit of $100,000 for Each Occurrence of Bodily Injury and Medical Payments Coverage with a Limit of Liability of $1,000 Each Person. A copy of the Homeowner Policy is attached as **Exhibit C**.

19. The Homeowner Policy provides in the Agreement that "[w]e will provide the insurance described in this policy, which includes the Declarations and attached endorsements or

---

[1] State Dock Marina's negligence claims seemingly run headlong into issues relating to standing and the one-year statute of limitations provided by KRS § 413.140(1)(a). See, e.g., *Toche* 698 (Ky. App. 2005) (holding plaintiff's personal injuries sustained while a passenger riding on watercraft represent "a basic personal injury claim under common law … [governed by] the one-year statute of limitations of KRS 413.140(1)(a)."*v. American Watercraft*, 176 S.W.3d 694,

schedules, in return for the premium and fees, and compliance with all applicable provisions of this policy."

20.     The Homeowner Policy provides in the Definitions that "Aircraft Liability," "Hovercraft Liability," "Motor Vehicle Liability," and "Watercraft Liability," mean liability for "bodily injury" or "property damage" arising out of the: (1) ownership of such vehicle or craft by an "insured," (2)      maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person, (3) entrustment of such vehicle or craft by an "insured" to any person, (4) failure to supervise or negligent supervision of any person involving such vehicle or craft by an "insured," or (5) vicarious liability, whether or not imposed by law, for the actions of a child or minor involving such vehicle or craft.

21.     The Homeowner Policy defines "Watercraft" as a craft principally designed to be propelled on or in water by wind, engine power, or electric motor.

22.     The Homeowner Policy defines "Insured" as you and residents of your household who are your relatives or other persons under the age of 21 and in your care or the care of a resident of your household who is your relative; a student enrolled in school full-time, as defined by the school, who was a resident of your household before moving out to attend school, provided the student is under the age of 24 and your relative, or 21 and in your care or the care of a resident of your household who is your relative.  With respect to animals or watercraft to which the policy applies, an "Insured" is any person or organization legally responsible for these animals or watercraft which are owned by you, but does not mean a person or organization using or having custody of these animals or watercraft in the course of any "business" or without consent of the owner.

23.     The Homeowner Policy provides in Section II – Liability Coverages, Coverage E – Personal Liability, that if a claim is made or a suit is brought against an "insured" for damages due to an "occurrence" resulting from negligent personal acts or negligence arising out of the ownership, maintenance or use of real or personal property, we will pay up to our limit of liability for the damages for which an "insured" is legally liable, and damages include prejudgment interest awarded against an "insured," provide a defense at our expense by counsel of our choice.  We may investigate and settle any claim or suit. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

24.     The Homeowner Policy provides in Section II – Liability Coverages, Coverage F — Medical Payments To Others, that we will pay the reasonable and necessary medical and funeral expenses that are incurred within three years from the date of an accident causing "bodily injury". This coverage does not apply to you or regular residents of your household except "residence employees".  As to others, this coverage applies only to a person on the "insured location" with the permission of an "insured," or to a person off the "insured location," if the "bodily injury" arises out of a condition on the "insured location," is caused by the activities of an "insured," is caused by a "residence employee" in the course of their employment by an "insured," or is caused by an animal owned by or in the care of an "insured."

25.     The Homeowner Policy provides in Section II – Exclusions, B. "Watercraft Liability" that Coverages E and F do not apply to any "watercraft liability" if, at the time of an "occurrence", the involved watercraft is being operated in, or practicing for, any prearranged or organized race, speed contest or other competition; rented to others; used to carry persons or cargo for a fee or compensation; or used for any "business" purpose.  If Exclusion B.1. does not apply, there is still no coverage for "watercraft liability" unless, at the time of the "occurrence," the

watercraft is stored; a sailing vessel, with or without auxiliary power, that is less than 26 feet in overall length; a sailing vessel, with or without auxiliary power, that is 26 feet or more in overall length and not owned by or rented to an "insured"; not a sailing vessel and is powered by an inboard or inboard-outdrive engine or motor, including those that power a water jet pump, of 50 horsepower or less and not owned by an "insured"; not a sailing vessel and is powered by an inboard or inboard-outdrive engine or motor, including those that power a water jet pump, of more than 50 horsepower and not owned by or rented to an "insured"; not a sailing vessel and is powered by one or more outboard engines or motors with 25 total horsepower or less; not a sailing vessel and is powered by one or more outboard engines or motors with more than 25 horsepower, if the outboard engine or motor is not owned by or rented to an "insured"; not a sailing vessel and is powered by one or more outboard engines or motors with more than 25 horsepower, if the outboard engine or motor is owned by an "insured" who acquired it during the policy period and your intent to insure it is reported to us in writing within 45 days after you acquire it; or not a sailing vessel and is powered by one or more outboard engines or motors with more than 25 horsepower if the outboard engine or motor is owned by an "insured" who acquired it before the policy period, but only if you declare it at policy inception, or your intent to insure it is reported to us in writing within 45 days after you acquire it.

26.    The Homeowner Policy provides in Section II – Exclusions, E. Coverage E — Personal Liability And Coverage F — Medical Payments To Others, that Coverages E and F do not apply to "bodily injury" or "property damage" arising out of a premises owned by an "insured" or rented to an "insured."

27.    The Homeowner Policy provides in Section II – Exclusions, F. Coverage E — Personal Liability that Coverage E does not apply to liability under any contract or agreement

entered into by an "insured." However, this exclusion does not apply to written contracts that directly relate to the ownership, maintenance or use of an "insured location," or where the liability of others is assumed by you prior to an "occurrence" unless excluded above or elsewhere in this policy.

28.     The Homeowner Policy provides in Section II – Exclusions, F. Coverage E — Personal Liability that Coverage E does not apply to liability for judgments, costs, attorney fees, or claims against an "insured" for punitive or exemplary damages. Punitive or exemplary damages also include any damages awarded pursuant to statute in the form of double, treble, or other multiple damages in excess of compensatory damages.

29.     The Homeowner Policy provides in Sections I and II – Conditions, N. Applicable Contract Law, that the contract law of the state where the policy was issued governs the interpretation of this contract, except for the Mutual Policy Conditions, which shall be governed by the insuring company's state of domicile.

30.     Nationwide Mutual issued a Boatowner Policy issued to David R. Creager, Policy No. 9247BT000411, with a Policy Period of August 2, 2024 to February 22, 2025, which provides Bodily Injury Coverage with a Limit of Liability of $250,000 for Each Person and $500,000 Each Occurrence and Medical Payments Coverage with a Limit of $5,000.

31.     The Boatowner Policy provides in the Agreement that in return for payment of premiums and fees in amounts we require and subject to all of the terms and conditions of this policy, we agree to provide the coverages shown in the enclosed Declarations, which are also part of this policy contract. The selected coverages in this policy apply only to occurrences while this policy is in force.

32.     The Boatowner Policy provides in the Definitions that "Insured Watercraft" means any watercraft you own that is identified in the Declarations, and any eligible newly acquired watercraft.  Insured watercraft also includes main propulsion engine(s) and motor(s), and all permanently attached parts and equipment; customary portable items and equipment carried aboard the insured watercraft for communication, navigation, routine maintenance, or safety; any electric trolling motor carried aboard the insured watercraft; any spare outboard motor under 25 horsepower carried aboard the insured watercraft for emergency use; any tender (dinghy) under 12 feet in length with oars or an outboard motor less than 10 horsepower that is primarily used to transport people or supplies to and from the insured watercraft; any boat trailer you own that is identified in the Declarations and used to transport an insured watercraft on public roads; and any boat trailer owned by you for less than 30 days and used to transport a newly acquired watercraft. Insured watercraft does not include fishing gear or sporting equipment; food or beverages; personal property not used for communication, navigation, maintenance, safety or operation; computer hardware, software, and accessories unless permanently installed for navigation and communication; and boat houses, sheds, docks, floats, moorings, cradles, stands, hoists, lifts, or similar items used for boat storage.

33.     The Boatowner Policy provides in the Definitions that "Newly Acquired Watercraft" means a watercraft you have purchased that replaces any watercraft shown in the Declarations or an additional watercraft you intend to add to this policy. Newly acquired watercraft does not include any watercraft that is not reported to us within 30 days of purchase to insure; capable of achieving a top speed over 60 miles per hour; more than 15 years old; worth more than $100,000 in value; more than 30 feet in length; or custom or homebuilt.

34.     The Boatowner Policy provides in the Definitions that "Watercraft" means a pleasure boat or other craft designed by a valid manufacturer mainly for use on or in the water and that has a state-assigned hull identification number.

35.     The Boatowner Policy provides in Part A — Liability Coverage that this coverage applies only if the Declarations indicates Liability Coverage is provided.  It also provides that there are additional definitions applicable to the liability coverage.      "Insured" means you or a family member, or any person using the insured watercraft.

36.     The Boatowner Policy provides in Part A — Liability Coverage that "Non-Owned Watercraft" means a watercraft not owned by you or a family member. Non-owned watercraft does not include any watercraft available to you or a family member on a regular basis; operated without the owner's express permission; borrowed or rented for more than 14 consecutive days; capable of achieving a top speed over 60 miles per hour; or over 30 feet in length.

37.     The Boatowner Policy provides in the Coverage Agreement for the Property Damage and Bodily Injury Liability Coverage that we will pay for bodily injury or property damage for which an insured is legally liable as a result of an accident. The accident must arise out of the ownership, maintenance or use of an insured watercraft; or use of a non-owned watercraft by you or a family member.  Damages include prejudgment interest on covered damages awarded against the insured that do not exceed our limit of liability for this coverage. We will pay liability claims up to the limits stated in the Declarations. In addition to our limit of liability, we will defend at our expense, with attorneys of our choice, any suit against an insured. We may settle or defend any claim or suit as we think proper.  After the limits of this coverage have been paid, we will not defend any suit nor pay any claim or judgment.

38.     The Boatowner Policy provides in the Additional Insured provision of the policy that this coverage is afforded to an Additional Insured, if named in the Declarations. However, this coverage applies only to the extent the Additional Insured becomes legally responsible for damages that arise solely out of the acts or omissions of you or a family member, or any other covered person, while using the insured watercraft with your express or implied permission. No coverage is afforded to an Additional Insured for his or her own independent negligence or any other liability.  The designation of an Additional Insured shall not operate to increase our limits of liability. Any coverage provided the Additional Insured shall also be subject to all terms and conditions of this coverage.

39.     The Boatowner Policy provides in the Coverage Exclusions that this coverage, including the duty to defend, does not apply to liability assumed under any contract or agreement, or any judgments, costs, attorney fees, or claims against an insured for punitive or exemplary damages.

40.     The Boatowner Policy provides in Part B – Medical Payments Coverage, that this coverage applies only if the Declarations indicate Medical Payments Coverage is provided.  For the purposes of the Medical Payments coverage only, and "insured" means you or any family member while occupying any watercraft or while struck by a watercraft while being towed behind a watercraft, and any other person while occupying an insured watercraft when it is being used by you, a family member, or anyone else with your permission as used within the scope of that expressed or implied permission. The Boatowner Policy defines "Family Member" as a person who regularly resides with an insured in the same household and who is related to that insured by blood, marriage or adoption, including a ward or foster child.

41.     The Boatowner Policy provides in the Coverage Agreement for Part B – Medical Payments Coverage, that we will pay usual, customary and reasonable charges for expenses incurred for medically necessary services or funeral costs due to accidental bodily injury suffered by an insured and caused by a watercraft accident that is incurred within two years after the accident, up to the limit stated in the policy Declarations, regardless of who is at fault in the accident.

COUNT I

42.     Nationwide incorporates and realleges the allegations contained in Paragraphs 1 through 41 as if fully set forth herein verbatim.

42.     Nationwide seeks a declaration that the Nationwide General Homeowner Policy does not afford liability coverage or medical payments coverage for the claims and causes of action asserted by the State Dock Defendants against David R. Creager in the Third-Party Complaint filed in Civil Action No. 25-CI-00220 and, therefore, Nationwide General has no duty to defend or to indemnify him in that civil action.

43.     The Homeowner Policy expressly excludes watercraft liability, including for bodily injury arising out of the maintenance, occupancy, operation, use, loading, or unloading of a watercraft by any person, and the failure to supervise or negligent supervision of any person involving a watercraft by an insured.  This exclusion is applicable to the claims and causes of action asserted by the State Dock Defendants against David R. Creager in the Third-Party Complaint filed in Civil Action No. 25-CI-00220.  None of the exceptions to the exclusion are applicable because the houseboat was not being stored at the time of the accident; the houseboat was not a sailing vessel; the houseboat was longer than 26 feet in length; the houseboat was rented

to the insured; the houseboat was powered by motors of more than 50 horsepower each; and the engine or motor on the houseboat was not owned by the insured.

44.     The Homeowner Policy also expressly excludes bodily injury arising out of premises rented to an insured. To the extent the houseboat would be deemed premises, coverage would be excluded because it was rented to the insured.

45.     The claims for contractual indemnification asserted by the State Dock Defendants against David R. Creager in the Third-Party Complaint in Civil Action No. 25-CI-00220 are precluded by the exclusion in the Homeowner Policy for liability under any contract or agreement entered into by an insured.  Although the exclusion does not apply to written contracts that directly relate to the ownership, maintenance, or use of an insured location, the houseboat was not an insured location.  The exclusion also does not apply to written contracts where the liability of others is assumed by the insured prior to an occurrence.  However, this exception does not apply where that liability is excluded elsewhere in the policy, and watercraft liability is expressly excluded by the Homeowner Policy.

46.     The Homeowner Policy excludes liability for any judgments, costs, attorney fees, or claims for punitive or exemplary damages. Thus, to the extent the Third-Party Complaint in Civil Action No. 25-CI-00220 seeks to impose liability on David R. Creager for the punitive damages claim asserted by Matthew Creager against the State Dock Defendants, those damages are excluded by the Homeowner Policy.

## COUNT II

47.     Nationwide incorporates and realleges the allegations contained in Paragraphs 1 through 46 as if fully set forth herein verbatim.

48.     Nationwide seeks a declaration that the Nationwide Mutual Boatowner Policy does not afford liability coverage or medical payments coverage for the claims and causes of action asserted by the State Dock Defendants against David R. Creager in the Third-Party Complaint filed in Civil Action No. 25-CI-00220 and, therefore, Nationwide Mutual has no duty to defend or to indemnify David R. Creager in that civil action.

49.      The Boatowner Policy expressly provides:

> "NON-OWNED WATERCRAFT" means a watercraft not owned by you or a family member. Non-owned watercraft does not include any watercraft:
> ….
> 5. Over 30 feet in length.

See Boatowner Policy, Part A – Liability Coverage, at p. 6 of 26.

50.     The watercraft that is the subject of the underlying state court litigation was over 30 feet in length.

51.     While the Boatowner Policy typically affords coverage for bodily injury for which an insured is legally liable as a result of an accident that arises out of the use of a non-owned watercraft by the insured or a family member, a non-owned watercraft does not include any watercraft over 30 feet in length. Therefore, the rented houseboat does not constitute a non-owned watercraft for which coverage might otherwise be available and does not fall within the insuring agreement of the Boatowner Policy.

52.     The Boatowner Policy expressly excludes liability assumed under any contract or agreement. Accordingly, the claims and causes of action for contractual indemnification asserted by the State Dock Defendants against David R. Creagerin the Third-Party Complaint in Civil Action No. 25-CI-00220 are not covered by the Policy.

53.     The Boatowner Policy excludes judgments, costs, attorney fees, or claims against an insured for punitive or exemplary damages. Thus, to the extent the Third-Party Complaint seeks

to impose liability on David R. Creager for the punitive damages claim asserted by Matthew Creager against State Dock Marina, those damages are also excluded by the Boatowner Policy.

54.     Medical Payments coverage is also excluded under the Boatowner Policy because it applies to accidental bodily injury suffered by an insured and caused by a watercraft accident. Although he may be related to the insured, Matthew Creager does not fall within the definition of an insured under the Boatowner Policy.

## COUNT III

55.     Nationwide incorporates and realleges the allegations contained in Paragraphs 1 through 52 as if fully set forth herein verbatim.

56.     Nationwide seeks a declaration that the Nationwide General Homeowner Policy does not afford liability coverage or medical payments coverage to the State Dock Marina Defendants for the allegations by Matthew Creager against them in Civil Action No. 25-CI-00220 and, therefore, Nationwide General has no duty to defend or to indemnify him in that civil action. The State Dock Marina Defendants have tendered their defense to Nationwide General, which has denied a duty to defend or to identify them in Civil Action No. 25-CI-00220.

57.     None of the State Dock Marina Defendants are a named insured or an additional insured listed on the Declarations of the Homeowner Policy issued to David R. Creager.

58.     None of the State Dock Marina Defendants qualify as an additional insured under the Homeowner Policy by operation of any other policy provision or endorsement.

59.      The Homeowner Policy does not cover the assumption of liability of another person or entity. The Homeowner Policy contains an exclusion for liability under any contract or agreement entered into by an insured. Although the exclusion does not apply to written contracts that directly relate to the ownership, maintenance, or use of an insured location, the houseboat

rented by the State Dock Defendants to David R. Creager was not an insured location. The exclusion also does not apply to written contracts where the liability of others is assumed by the insured prior to an occurrence; however, this exception does not apply where that liability is excluded elsewhere in the policy, and "watercraft liability" is expressly excluded by the Homeowner Policy. Accordingly, no exception to the exclusion for liability under any contract or agreement is applicable.

60. The Homeowner Policy expressly excludes watercraft liability, including for bodily injury arising out of the maintenance, occupancy, operation, use, loading, or unloading of a watercraft by any person, and the failure to supervise or negligent supervision of any person involving a watercraft by an insured. This exclusion is applicable to the allegations against David R. Creager in Civil Action No. 25-CI-00220. None of the exceptions to the exclusion are applicable because the houseboat was not stored at the time of the accident; the houseboat was not a sailing vessel; the houseboat was longer than 26 feet in length; the houseboat was rented to the insured; the houseboat was powered by motors of more than 50 horsepower each; and the engine or motor on the houseboat was not owned by the insured.

61. The Homeowner Policy expressly excludes coverage for Personal Liability and Medical Payments for bodily injury arising out of premises rented to an insured. To the extent the houseboat would be deemed premises, these coverages would still be excluded because the houseboat was rented by the State Dock Marina Defendants to David R. Creager, the insured.

62. The Homeowner Policy excludes liability for any judgments, costs, attorney fees, or claims for punitive or exemplary damages. Thus, to the extent the Third-Party Complaint by the State Dock Marina Defendants against David R. Creager in Civil Action No. 25-CI-00220 seeks

to impose liability on the insured for the punitive damages claim asserted by Matthew Creager against them, those damages are excluded by the Policy.

## COUNT IV

63.     Nationwide incorporates and realleges the allegations contained in Paragraphs 1 through 62 as if fully set forth herein verbatim.

64.     Nationwide seeks a declaration that the Nationwide Mutual Boatowner Policy does not afford liability coverage or medical payments coverage to the State Dock Marina Defendants for the allegations by the Matthew Creager against them in Civil Action No. 25-CI-00220 and, therefore, Nationwide General has no duty to defend or to indemnify him in that civil action. The State Dock Marina Defendants have tendered their defense to Nationwide Mutual, which has denied a duty to defend or to identify them in Civil Action No. 25-CI-00220.

65.     None of the State Dock Marina Defendants are a named insured or an additional insured listed on the Declarations of the Boatowner Policy issued to David R. Creager.

66.     None of the State Dock Marina Defendants are an additional insured under the Boatowner Policy by operation of any other policy provision or endorsement.

67.     Although the Boatowner Policy affords coverage for bodily injury for which an insured is legally liable as a result of an accident that arises out of the use of a non-owned watercraft by the insured or a family member, a non-owned watercraft does not include any watercraft over 30 feet in length. In this case, the houseboat rented by the State Dock Marina Defendants to David R. Creager was 80 feet long.  Therefore, the rented houseboat does not constitute a non-owned watercraft and does not fall within the insuring agreement of the Boatowner Policy.

68.     The Boatowner Policy expressly excludes liability assumed under any contract or agreement. Accordingly, the allegations of contractual indemnification by the State Dock Marina

Defendants against David R. Creager in Civil Action No. 25-CI-00220 are not covered by the Policy.

69.     The Boatowner Policy excludes judgments, costs, attorney fees, or claims against an insured for punitive or exemplary damages. Thus, to the extent the State Dock Marina Defendants seek to impose liability on David R. Creager for the punitive damages claim asserted by Matthew Creager against them, those damages are also excluded by the Boatowner Policy.

70.     Medical Payments coverage is also excluded under the Boatowner Policy because it applies to accidental bodily injury suffered by an insured and caused by a watercraft accident. Although he may be related to the insured, Matthew Creager does not fall within the definition of an insured under the Boatowner Policy.

**PRAYER FOR RELIEF**

71.     Nationwide incorporates and realleges the allegations contained in Paragraphs 1 through 70 as if fully set forth herein verbatim.

72.     Nationwide prays that judgment be awarded in their favor and against the Defendants as follows:

    a.     A declaration that the Nationwide General Homeowner Policy does not afford coverage to David R. Creager in Civil Action No. 25-CI-00220 and, therefore, Nationwide General has no duty to defend or to indemnify him in that civil action; and

    b.     A declaration that the Nationwide Mutual Boatowner Policy does not afford coverage to David R. Creager in Civil Action No. 25-CI-00220 and, therefore, Nationwide Mutual has no duty to defend or to indemnify him in that civil action; and

     c.     A declaration that the Nationwide General Homeowner Policy does not afford coverage to any of the State Dock Marina Defendants in Civil Action No. 25-CI-00220 and, therefore, Nationwide General has no duty to defend or to indemnify them in that civil action; and

     d.     A declaration that the Nationwide Mutual Boatowner Policy does not afford coverage to any of the State Dock Marina Defendants in Civil Action No. 25-CI-00220 and, therefore, Nationwide Mutual has no duty to defend or to indemnify them in that civil action; and

     e.     Such other and further relief as the Cout may deem proper.

Dated May 20, 2026.

Respectfully submitted,

  /s/ Jay Ridings
Jay Milby Ridings (KBA No. 91971)
Hamm, Milby Ridings & Hostettler
120 N. Main St.
London, KY 40741
Telephone: (606) 864-4126
Fax: (606) 878-8144
jridings@hmkylaw.com

and

  /s/ Erica M. Baumgras
Erica M. Baumgras (WV Bar No. 6862)
(Seeking *Pro Hac Vice* Admission)
Flaherty Sensabaugh Bonasso PLLC
200 Capitol Street (25301)
P. O. Box 3843
Charleston, WV  25338-3843
304.345.0200
EBaumgras@flahertylegal.com

*Co-Counsel for Nationwide General Insurance Company and Nationwide Mutual Insurance Company*