CASE NO. 25-CI-00220

RUSSELL CIRCUIT COURT
DIVISION ONE
JUDGE SARA BETH GREGORY

**Filed Electronically**

MATTHEW CREAGER

PLAINTIFF

v.

CUMBERLAND SMI OPCO, LLC d/b/a
STATE DOCK MARINA
STATE DOCK F&B, LLC d/b/a STATE
DOCK MARINA
SMI TRS OPCO, LLC d/b/a STATE DOCK
MARINA
CUMBERLAND SMI OPCO SERIES, LLC
d/b/a STATE DOCK MARINA
SUNTEX MARINA INVESTORS, LLC d/b/a
STATE DOCK MARINA

DEFENDANTS/
THIRD PARTY PLAINTIFFS

v.

DAVID R. CREAGER
 Serve:
 236 Shady Lake Dr
 Shady Spring, WV 25918

 And

 151 Osborne Ln.
 Shady Spring, WV 25918

THIRD-PARTY DEFENDANT

## <u>THIRD PARTY COMPLAINT AGAINST<br>DAVID R. CREAGER</u>

Defendants/Third-Party Plaintiffs Cumberland SMI OPCO, LLC d/b/a State Dock Marina,

State Dock F&B, LLC d/b/a State Dock Marina, SMI TRS OPCO, LLC d/b/a State Dock Marina,

Cumberland SMI OPCO Series, LLC[1] d/b/a State Dock Marina, and Suntex Marina Investors,

---

[1] Cumberland SMI OpCo Series is not a limited liability company.  The correct entity is Cumberland SMI OpCo Series.

**EXHIBIT B**

Filed     25-CI-00220     08/19/2025     Tony Kerr, Russell Circuit Clerk

LLC d/b/a State Dock Marina and Kyle Helm ("Defendants")[2], by counsel, for its claims against Third-Party Defendant David R. Creager, states as follows:

1.     Defendants reiterate and incorporate by reference each and every averment, objection, and defense in their Answer to Plaintiff's Complaint against Defendants as if fully stated herein.

2.     At the time of the incident alleged in Plaintiff's Complaint, the correctly named Defendants/Third-Party Plaintiffs Cumberland SMI OpCo, LLC, Cumberland SMI, LLC, and Cumberland SMI, LLC, Cumberland SMI OpCo Series were foreign business entities authorized to conduct business in Kentucky.

3.     Defendant/Third-Party Plaintiff Kyle Helm was, at all times relevant hereto, a resident of Kentucky who acted as the General Manager of State Dock Marina in Jamestown, Kentucky.

4.     Third-Party Defendant, David R. Creager, is a citizen and resident of the State of West Virginia.

5.     Venue and jurisdiction are proper in Russell County, Kentucky as the underlying incident giving rise to this action occurred in Russell County.

## FACTUAL ALLEGATIONS

6.     Defendants repeat and reiterate each of their prior allegations in this Third-Party Complaint as if fully set forth herein.

7.     On or about July 7, 2025, Plaintiff Matthew Creager ("Plaintiff") sued Defendants, for alleged personal injuries from a slip and fall on August 4, 2024 on top of a houseboat rented

---

[2] Cumberland SMI OpCo, LLC, Cumberland SMI, LLC, and Cumberland SMI, LLC, Cumberland SMI OpCo Series are the correctly named defendants. State Dock F&B, LLC, SMI TRS OPCO, LLC, Cumberland SMI OPCO Series, LLC, and Suntex Marina Investors, LLC are incorrectly named and are not proper parties to this action.

2

Filed     25-CI-00220     08/19/2025     Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

Filed          25-CI-00220    08/19/2025          Tony Kerr, Russell Circuit Clerk

by David R. Creager at the State Dock Marina located at 6365 State Park Road, Jamestown, Kentucky 42629. Specifically, Plaintiff alleges that he was injured when he slipped and fell on "[t]he unreasonably dangerous condition of the slick deck surface" (the "Incident"). *See generally* Plaintiff's Complaint.

8.    Defendants have denied and continue to deny that they are liable in any way to Plaintiff for any of the claims or allegations set forth in Plaintiff's Complaint.

9.    The conditions on the Rental Houseboat where open and obvious to a reasonable person.

10.    Upon information and belief, the Houseboat at issue was State Dock Houseboat K11 rented by Third-Party Defendant David R. Creager.

11.    On or about March 30, 2024, David R. Creager entered into a Suntex Boat Rental Agreement with Defendants (the "Agreement," attached hereto as **Exhibit A**).

12.    Under the Agreement, Defendants agreed to rent a houseboat located at State Dock Marina to David R. Creager.

13.    To the extent any dangerous condition was present on the Houseboat, it was created through the actions or inaction of David Creager who was responsible for the Houseboat.

14.    David R. Creager is obligated under the Agreement to indemnify, defend, and hold harmless Defendants for any losses or damages arising from the use of or occupancy of the houseboat during David R. Creager's rental of the houseboat.

15.    David R. Creager was further obligated to obtain insurance to cover risks of property damage, personal injury and death that could occur during the use of the houseboat. The Agreement states:

> INSURANCE. Lessee understands that Company may not provide insurance to cover the risks of property damage, personal injury and death that could occur while Lessee is in, on

3

Filed          25-CI-00220    08/19/2025          Tony Kerr, Russell Circuit Clerk

or around the Houseboat or Company's facilities or premises or using the Water Devices (as defined in Exhibit A) rented for use with the Houseboat. Lessee understands and acknowledges that if Lessee does not have insurance to cover such risks, it is Lessee's duty to obtain such coverage before Lessee boards the Houseboat. Any insurer who may provide coverage to Lessee or others on the Houseboat has no right of subrogation against Company.

## COUNT I – CONTRACTUAL INDEMNITY

16.      Defendants repeat and reiterate each of its prior allegations in this Third-Party Complaint as if fully set forth herein.

17.      Plaintiff alleges that his damages occurred because "Defendants failed to design, construct, maintain, inspect, or modify the surface to eliminate or mitigate the hazard and failed to post warnings advising invitees of the danger [on the top of the houseboat]" *See* Plaintiff's Complaint at ¶10. Plaintiff further alleges that Mr. Helm as General Manager of State Dock failed to "to ensure the subject houseboat's slide-entrance deck was reasonably safe or adequately warned." *See* Plaintiff's Complaint at ¶20.

18.      Further, pursuant to the Agreement, David R. Creager is contractually obligated to provide indemnification to Defendants regarding Plaintiff's claims, as the Agreement states in pertinent part:

Indemnify, defend, and hold harmless Company, its successors, assigns, agents, employees, contractors, partners, directors, officers, members, stockholders, affiliates and attorneys (collectively, the "Indemnified Parties") from and against all losses, costs, liabilities, claims, demands, fines, suits, actions and judgments of every kind or character (a) arising from the rental, use or operation of the Houseboat and Equipment by Lessee, (b) arising from Lessee's failure to perform its covenants under this Agreement (including any exhibit attached hereto), (c) recovered from or asserted against any of the Indemnified Parties on account of any Damages to the extent that any such Damages may be incident to, arise out of, or be caused, either proximately or remotely, wholly or in part, by Lessee or any other person using or occupying the Houseboat or Equipment REGARDLESS OF WHETHER COMPANY'S NEGLIGENCE CAUSED SUCH LOSS OR DAMAGE. HOWEVER, SUCH INDEMNIFICATION OF THE INDEMNIFIED PARTIES BY LESSEE SHALL NOT BE APPLICABLE TO THE EXTENT THAT SUCH

4

LOSS, DAMAGE, OR INJURY IS CAUSED BY THE GROSS NEGLIGENCE OF COMPANY OR ANY OF ITS DULY AUTHORIZED AGENTS OR EMPLOYEES.

\*\*\*

SPECIFIC NOTICE REGARDING RELEASE AND INDEMNITY. IT IS EXPRESSLY AGREED AND UNDERSTOOD THAT THIS AGREEMENT INCLUDES INDEMNIFICATION, RELEASE, EXCULPATION AND/OR WAIVER PROVISIONS WHICH, IN CERTAIN CIRCUMSTANCES, COULD MAKE LESSEE LIABLE AND RESPONSIBLE FOR THE CONSEQUENCES OF THE NEGLIGENCE OF COMPANY, EXCLUDING COMPANY'S GROSS NEGLIGENCE. LESSEE ACKNOWLEDGES THAT LESSEE HAS CAREFULLY REVIEWED THE PROVISIONS OF THIS AGREEMENT AND THAT LESSEE HAS ACTUAL NOTICE OF SUCH INDEMNITY, RELEASE, EXCULPATION AND/OR WAIVER PROVISIONS AND THAT CERTAIN RISKS AND LIABILITIES OF COMPANY HAVE BEEN SHIFTED TO LESSEE WHERE, BUT FOR THE PROVISIONS OF THIS AGREEMENT, SUCH RISKS AND LIABILITIES MIGHT HAVE REMAINED THE RESPONSIBILITY OF COMPANY.

*See* Agreement at pp. 5-6.

19.     Defendants deny liability for Plaintiff's claims against it. However, in the event that Defendants are deemed liable in any respect for the claims alleged or damages sought by Plaintiff in this action, Defendants is entitled to contractual indemnity from David R. Creager under the indemnity provisions in the Agreement, including defense costs, fees, and expenses incurred in defending the case.

<u>**COUNT II - APPORTIONMENT**</u>

20.     Defendants repeat and reiterate each of its prior allegations in this Third-Party Complaint as if fully set forth herein.

21.     To the extent Plaintiff is able to prove damages, David R. Creager was the active and primary cause of the injuries and damages about which Plaintiff complains, and if Defendants are adjudged liable, David R. Creager is primarily liable, and Defendants are entitled to apportionment as a result of such negligence.

5

Filed          25-CI-00220    08/19/2025        Tony Kerr, Russell Circuit Clerk

## COUNT III – NEGLIGENCE

22.    Defendants repeat and reiterate each of its prior allegations in this Third-Party Complaint as if fully set forth herein.

23.    David R. Creager owed a duty to both Defendants and invitees on the Houseboat to maintain and operate the Houseboat in a reasonable manner and maintain safe conditions on the Houseboat while using it.

24.    David R. Creager further had the duty to supervise all invitees on the Houseboat to ensure all who used the boat did so in a reasonably safe manner.

25.    David R. Creager breached his duty by failing to maintain and operate the Houseboat in a safe manner, and to supervise invitees on the Houseboat.

26.    David R. Creager's breach of duty was the proximate cause of Plaintiff's injuries, if any exist.

27.    David R. Creager's breach of duty was the proximate cause of Defendants' potential damages stemming from Plaintiff's alleged damages.

**WHEREFORE**, Defendant/Third-Party Plaintiffs respectfully demand the following:

1.    Judgment dismissing Plaintiff's Complaint against with prejudice;

2.    Judgment in favor of Defendants against David R. Creager, for any and all monies Defendants are forced to pay to and/or to expend as a result of the alleged damages sustained by Plaintiff;

3.    Judgment for negligence, indemnification, contribution and/or apportionment against David R. Creager;

4.    In the event Plaintiff obtains a judgment against Defendants, a judgment of indemnity against David R. Creager;

6

Filed          25-CI-00220    08/19/2025        Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

Filed          25-CI-00220    08/19/2025          Tony Kerr, Russell Circuit Clerk

5.      For an apportionment instruction at trial as to Plaintiff and David R. Creager, and all other parties or settling nonparties;

6.      Costs and expenses incurred, including reasonable attorney's fees;

7.      A trial by jury of all issues; and

8.      Any and all other relief to which Star may appear to be entitled.

Respectfully submitted,

FROST BROWN TODD LLP

/s/ *Andrew M. Palmer*

Andrew M. Palmer
A. Riley Grant
400 W. Market Street, 32nd Floor
Louisville, KY  40202-3363
(502) 589-5400
(502) 581-1087 - Fax
apalmer@fbtlaw.com
rgrant@fbtlaw.com
*Counsel for Defendants Cumberland SMI OPCO, LLC d/b/a State Dock Marina, State Dock F&B, LLC d/b/a State Dock Marina, SMI TRS OPCO, LLC d/b/a State Dock Marina, Cumberland SMI OPCO Series, LLC d/b/a State Dock Marina, Suntex Marina Investors, LLC d/b/a State Dock Marina, and Kyle Helm*

7

Filed          25-CI-00220    08/19/2025          Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve notice on all parties registered to receive notice in this case, and that a true and correct copy of the foregoing was served by electronic mail to the following:

David Bryce Barber
KY Bar No.: 85530
THOMAS LAW OFFICES, PLLC
9418 Norton Commons Blvd., Ste. 200
Louisville, KY 40059
(502) 819-3375
Davis.Barber@ThomasLawOffices.com
*Counsel for Plaintiffs*

/s/ *Andrew M. Palmer*

*Counsel for Defendants Cumberland SMI OPCO, LLC d/b/a State Dock Marina, State Dock F&B, LLC d/b/a State Dock Marina, SMI TRS OPCO, LLC d/b/a State Dock Marina, Cumberland SMI OPCO Series, LLC d/b/a State Dock Marina, and Suntex Marina Investors, LLC d/b/a State Dock Marina and Kyle Helm.*

0160376.0802550   4919-0488-7385v1

8

Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

Tony Kerr, Russell Circuit Clerk
Russell County Judicial Center,
202 Monument SQ, Ste. 106
Jamestown, KY 42629-2266

## USPS CERTIFIED MAIL

Case Number: 25-CI-00220

**9236 0901 9403 8322 2309 23**

Restricted Delivery

KYLE  HELM
6365 STATE PARK ROAD
JAMESTOWN, KY 42629
Case Number: 25-CI-00220

## KCOJ eFiling Cover Sheet

Case Number: 25-CI-00220

Envelope Number: 11012001

Package Retrieval Number: 1101200171585393@90005838471

Service by: Certified Mail

Service Fee:  $ 0.00

Postage Fee: $ 17.82

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

*Right margin:* Package : 000001 of 000010    AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000009 of 000033

*Right margin:* Presiding Judge: HON. SARA BETH GREGORY (657449)

*Right margin:* ackage : 000001 of 000010    EXH : 000001 of 000010



**EXHIBIT B**

Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk

This page was intentionally left blank

Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

| Filed | 25-CI-00220 | 08/19/2025 | | Tony Kerr, Russell Circuit Clerk |
|---|---|---|---|---|

AOC-E-105    Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **25-CI-00220**
Court: **CIRCUIT**
County: **RUSSELL**

*Plantiff,* **CREAGER, MATTHEW VS. CUMBERLAND SMI OPCO, LLC D/B/A STATE DO**, *Defendant*

TO:  **KYLE HELM**
　　 **6365 STATE PARK ROAD**
　　 **JAMESTOWN, KY 42629**

The Commonwealth of Kentucky to Defendant:

　　You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

　　　　　　　　　　　　　　　/s/ Tony Kerr, Russell Circuit
　　　　　　　　　　　　　　　Clerk
　　　　　　　　　　　　　　　Date: **7/7/2025**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

　　To: _____

☐ Not Served because: _____

Date: _____ , 20 _____

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Served By

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Title

Summons ID: 1101200171585393@90005838471
CIRCUIT: 25-CI-00220 Certified Mail
CREAGER, MATTHEW VS. CUMBERLAND SMI OPCO, LLC D/B/A STATE DO

| Filed | 25-CI-00220 | 08/19/2025 | Tony Kerr, Russell Circuit Clerk |
|---|---|---|---|

Page 1 of 1

eFiled

**EXHIBIT B**

Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk

This page was intentionally left blank

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000012 of 000033

EXH : 000004 of 000010

Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

Filed          25-CI-00220   08/19/2025          Tony Kerr, Russell Circuit Clerk

COMMONWEALTH OF KENTUCKY
RUSSELL CIRCUIT COURT
DIVISION __
CIVIL ACTION NO. _____

*ELECTRONICALLY FILED*

MATTHEW CREAGER                                                    PLAINTIFF

V.

CUMBERLAND SMI OPCO, LLC d/b/a STATE DOCK MARINA;        DEFENDANTS

STATE DOCK F&B, LLC d/b/a STATE DOCK MARINA;

CUMBERLAND SMI, LLC d/b/a STATE DOCK MARINA;

SMI TRS OPCO, LLC d/b/a STATE DOCK MARINA;

CUMBERLAND SMI OPCO SERIES, LLC d/b/a STATE DOCK MARINA;

SUNTEX MARINA INVESTORS, LLC d/b/a STATE DOCK MARINA;

Serve:
Cumberland SMI OpCo, LLC, et al. (each)
Corporation Service Company
421 West Main Street
Frankfort, KY 40601

and

KYLE HELM, General Manager of State Dock Marina
State Dock Marina
6365 State Park Road
Jamestown, KY 42629

## COMPLAINT

Comes now the Plaintiff, Matt Creager (hereinafter "Plaintiff" or "Mr. Creager"),

by counsel, and for his Complaint and causes of action against the above-named

Defendants (collectively "State Dock") states as follows:

### PARTIES, JURISDICTION AND VENUE

Filed          25-CI-00220   07/07/2025   08/19/2025          Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**



Filed          25-CI-00220  07/08/2025          Tony Kerr, Russell Circuit Clerk

1. Mr. Creager is, and was at all times relevant hereto, a citizen and resident of the Commonwealth of Kentucky.

2. Defendants Cumberland SMI OpCo, LLC; State Dock F&B, LLC; Cumberland SMI, LLC; SMI TRS OpCo, LLC; Cumberland SMI OpCo Series, LLC; and Suntex Marina Investors, LLC are foreign business entities authorized to conduct business in Kentucky. Each conducts business at State Dock Marina, 6365 State Park Road, Jamestown, Russell County, Kentucky, and designates Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601, as its registered agent for service of process.

3. Defendant Kyle Helm was, at all times relevant hereto, a resident of Kentucky who acted as the General Manager of State Dock Marina in Jamestown, Kentucky, and may be served at 6365 State Park Road, Jamestown, Kentucky 42629.

4. Venue is proper in Russell Circuit Court under KRS 452.450 because the negligent acts and omissions giving rise to this action occurred in Russell County, Kentucky.

5. The amount in controversy exceeds the jurisdictional limits of this Court.

## FACTS

6. On or about August 3, 2024, Mr. Creager was an invitee aboard a houseboat rented from State Dock Marina by a friend for social recreation on Lake Cumberland.

7. The rental houseboat included a recreational slide affixed to the upper deck. Access to the slide was through an entrance area surfaced with smooth fiberglass/gel-coat decking.

8. The upper-deck surface immediately surrounding the slide entrance was unreasonably slippery when wet, was not constructed of non-skid material, lacked any

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000014 of 000033

EXH : 000006 of 000010

Filed          25-CI-00220  07/08/2025          Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

Filed        25-CI-00220    07/06/2025    Tony Kerr, Russell Circuit Clerk    08/19/2025

non-skid treatment, texture, grip tape, or other traction-enhancing measures, and bore no visible warnings advising users of the slip hazard.

9. Defendants knew or, in the exercise of ordinary care, should have known that water from swimmers, spray from the slide, and natural dew routinely wetted that surface, creating a foreseeable slip hazard for patrons using the slide.

10. Despite this knowledge, Defendants failed to design, construct, maintain, inspect, or modify the surface to eliminate or mitigate the hazard and failed to post warnings advising invitees of the danger.

11. While attempting to approach and use the slide, Mr. Creager stepped on the slick surface, lost traction, and violently fell, striking the deck and adjacent railing.

12. Mr. Creager sustained severe injuries, including but not limited to multiple fractures and internal trauma, necessitating emergent life-flight evacuation for surgical intervention, extensive hospitalization, subsequent operative procedures, lengthy rehabilitation, permanent impairment, and loss of income.

13. The unreasonably dangerous condition of the slick deck surface was not open or obvious to Mr. Creager under the circumstances and presented a concealed trap which Defendants had a duty to remedy or adequately warn against.

## COUNT I – NEGLIGENCE – STATE DOCK ENTITIES

14. Plaintiff incorporates by reference Paragraphs 1–13 as if fully restated herein.

15. Defendants owed Mr. Creager, an invitee, the highest duty of care to maintain their premises—including rented houseboats—in a reasonably safe condition, to inspect for hazards, to correct hazards, and to warn invitees of any latent or concealed dangers.

16. Defendants breached these duties by, *inter alia*:

EXHIBIT B

Filed    25-CI-00220  07/07/2025    Tony Kerr, Russell Circuit Clerk

a. Failing to install or maintain a non-skid or otherwise slip-resistant surface around the slide entrance;

b. Failing to apply non-skid treatments, mats, grip tape, or similar safety measures;

c. Failing to post conspicuous warnings of the slippery condition;

d. Failing to conduct reasonable inspections and maintenance to identify and correct the hazard; and

e. Allowing invitees to use the slide area with knowledge of the unreasonable risk of slipping and falling.

17. Defendants' breaches constitute negligence and were substantial factors in causing Mr. Creager's fall and resulting injuries.

### COUNT II – NEGLIGENCE – KYLE HELM, GENERAL MANAGER

18. Plaintiff incorporates by reference Paragraphs 1–17.

19. As General Manager, Defendant Helm was responsible for the safety, inspection, maintenance, and supervision of State Dock's rental fleet and owed invitees the duties described above.

20. Defendant Helm breached those duties by failing to ensure the subject houseboat's slide-entrance deck was reasonably safe or adequately warned. His negligent acts and omissions were substantial factors in causing Plaintiff's injuries.

### COUNT III – *RESPONDEAT SUPERIOR*

21. Plaintiff incorporates by reference Paragraphs 1–20.

22. At all relevant times, Defendant Helm and any other employees and/or agents of the Defendant corporations acted within the course and scope of their employment for the

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000016 of 000033

EXH : 000008 of 000010

Filed    25-CI-00220  07/07/2025    Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

Filed          25-CI-00220 07/07/2025          Tony Kerr, Russell Circuit Clerk

State Dock entities; therefore, said corporate Defendants are vicariously liable for their negligent acts and omissions.

## COUNT IV – DAMAGES

23. Defendants' negligence was a substantial factor in causing the following damages to Mr. Creager:

a. Past and future medical expenses, including emergency air transport, surgeries, hospitalization, rehabilitation, and related care;

b. Past and future physical and mental pain and suffering;

c. Permanent impairment, loss of range of motion, and loss of enjoyment of life;

d. Lost wages and diminished earning capacity;

e. Scarring, disfigurement, and inconvenience;

f. Increased risk of future complications; and

g. All other actual, consequential, and incidental damages recoverable under Kentucky law.

## COUNT V – PUNITIVE DAMAGES

24. Plaintiff incorporates by reference Paragraphs 1–23.

25. Defendants acted with gross negligence, reckless disregard, and conscious indifference to the safety of invitees, warranting the imposition of punitive damages pursuant to KRS 411.184 and applicable law.

26. Any actions of Defendants' employees and/or agents were within the course and scope of their employment and/or agency, and were authorized, ratified, or should have been anticipated by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Matt Creager respectfully demands:

Filed          25-CI-00220 07/07/2025          Tony Kerr, Russell Circuit Clerk



**EXHIBIT B**

Filed    25-CI-002220   07/08/2025    Tony Kerr, Russell Circuit Clerk

A. Trial by jury;

B. Judgment against all Defendants, jointly and severally, for compensatory damages in an amount that fairly and reasonably compensates Plaintiff for the injuries and losses described herein;

C. An award of punitive damages against all Defendants;

D. Pre-judgment and post-judgment interest as allowed by law;

E. Plaintiff's costs, expenses, and reasonable attorneys' fees incurred herein; and

F. Any and all other relief to which Plaintiff may appear entitled.

Respectfully submitted,

*/s/ David Bryce Barber*
David Bryce Barber | KY Bar No.: 85530
THOMAS LAW OFFICES, PLLC
9418 Norton Commons Blvd., Ste. 200
Louisville, KY 40059
(502) 819-3375
David.Barber@ThomasLawOffices.com
**Counsel for Plaintiff**

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000018 of 000033

EXH : 000010 of 000010

**EXHIBIT B**

Filed          25-CI-00220   08/19/2025        Tony Kerr, Russell Circuit Clerk

# EXHIBIT A

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000019 of 000033

EXH : 000001 of 000012

Filed          25-CI-00220   08/19/2025        Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

Filed          25-CI-00220    08/19/2025          Tony Kerr, Russell Circuit Clerk

**Smartwaiver Certificate of Authenticity**

[Verify Authenticity of Document](#)
Document ID: hawepgsx32MyA8FvpMcUmk
Completed: 2024-03-30T12:56:05+00:00 UTC



SUNTEX BOAT RENTAL AGREEMENT

REQUIREMENT TO KEEP AGREEMENT ONBOARD: OWNER ACKNOWLEDGES AND UNDERSTANDS THAT, AT ALL TIMES DURING THE RENTAL PERIOD, OWNER SHALL BE REQUIRED TO KEEP AN EXECUTED COPY OF THIS AGREEMENT ONBOARD THE WATERCRAFT.

This Suntex Houseboat Rental Agreement ("Agreement") is entered into between Cumberland SMI OpCo, LLC, a Delaware limited liability company doing business as State Dock Marina ("Company") and the above listed lessee ("Lessee"), effective as of the execution date on the following terms, covenants, conditions and provisions:

TERMS AND CONDITIONS. In consideration of the mutual covenants and conditions contained herein, Company agrees to lease to Lessee ("Lessee") the above described Houseboat ("Houseboat") and equipment ("Equipment") for the period herein indicated. Lessee covenants and agrees that the Houseboat will be operated in a safe and careful manner and in compliance with all maritime, federal, state, and local laws. Lessee further represents that all information provided in this Agreement and to Company are true and correct. Lessee agrees to pay the reservation payment, and any and all rental fees and other charges provided for in this Agreement.

8% fee -Non Refundable Damage Waiver – Damage waiver is non-refundable and must be placed on a valid credit card. If Lessee returns rented Watercraft and/or Equipment damaged (excepting ordinary wear and tear), and Company determines, in its sole discretion, that Lessee did not directly or indirectly cause said damage and that Lessee is otherwise in compliance with this Agreement, Lessee shall only be held responsible for up to $1000.00 of damages. If Lessee is found negligent by Company, or otherwise violates any provision of this Agreement, determined by Company in its sole discretion, Lessee shall be responsible for all Losses, payable immediately.

Lessee Initials:

Filed          25-CI-00220    08/19/2025          Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

**Filed**        **25-CI-00220**    **08/19/2025**        **Tony Kerr, Russell Circuit Clerk**



**Initial**

PREPAID RENTAL. Lessee shall prepay Rent in the amount of 10% of the rental (the "Prepaid Rent") with Company for the rental period at time of booking the reservation. Remaining Prepaid Rent is due 60 days from reservation date.   Failure to deposit the Prepaid Rent at least sixty (60) days prior to the reservation date shall result in the immediate termination of this Agreement.

CREDIT CARD ON FILE. Lessee agrees to provide Company with a valid credit card to be kept on file. This card will be charged if Losses , for additional rental time, the purchase of additional equipment, late fees and/or other incidentals. Lessee hereby irrevocably authorizes Company to charge Lessee's credit card on file for all the foregoing charges.

CONDITION OF HOUSEBOAT AND EQUIPMENT UPON DELIVERY. Company hereby rents the Houseboat and Equipment in good operable condition, and in proper working order with full equipment, inclusive of that required by law (including, without limitation, KRS 235.300, 301 KAR 6:020 and related regulations), and in clean and good condition throughout, ready for use by Lessee. Lessee certifies that Lessee will examine the Houseboat and the Equipment before departure and by acceptance of delivery, Lessee agrees to its condition and that the Houseboat and Equipment are: (i) in safe and operable condition, (ii) contain aboard all of the items listed on Exhibit C attached hereto and incorporated herein by reference, and (iii) are properly outfitted. Upon delivery of the Houseboat and Equipment to Lessee, and during the entire use period, Lessee shall be responsible for the operation, control and possession of the Houseboat and the Equipment, as well as all expenses associated therewith, except as may be noted otherwise in this Agreement.

CANCELLATION/NO SHOW POLICY. Lessee acknowledges that Company's ability to provide the Houseboat and the Equipment is contingent upon and subject to the return of the Houseboat and the Equipment by the previous lessee, as well as other cause beyond Company's control. Should Lessee not be present or not ready to accept delivery of the Houseboat and/or the Equipment, for any reason, at the specified time, Company reserves the right to rent the Houseboat and/or the Equipment to someone else. Further, Lessee understands that when the Houseboat and Equipment are reserved, the Houseboat and Equipment are no longer available for other customers and therefore Company cannot commit the Houseboat or Equipment to another customer during the reserved dates/times. Consequently, in the event Lessee cancels, changes dates, shortens the rental period, or in any way seeks to change the rental period less than sixty (60) days prior to the reservation date, the entire amount of the rental shall be immediately forfeited; further, in the event Lessee cancels, changes dates, shortens the rental period, or in any other way seeks to change the rental period less than sixty (60) days prior to the reservation date, the entire reservation payment shall still be due and payable. Company reserves the right to cancel reservations due to inclement weather or any other cause, which includes, but is not limited to, strong winds, heavy rain and/or storms.

INVENTORY AND REDELIVERY. An inventory of equipment and supplies shall be furnished by Company to Lessee at the time of delivery. Lessee shall inspect the Houseboat, Equipment, and all other equipment and supplies and shall note any defects or missing items on said inventory list. Lessee shall be responsible for payment of any damaged or missing items. Lessee agrees and acknowledges by acceptance of delivery that such inventory is correct, and that Lessee has inspected the Houseboat, Equipment and all other equipment and supplies and has found no defects except those noted in writing at the time of acceptance of delivery.

RULES AND REGULATIONS. Lessee certifies that Lessee has read and understands the requirements of this Agreement and all exhibits attached hereto and further assumes the responsibility to ensure that his/her passengers, including, without limitation, all Permitted Operators (as defined herein), will obey said requirements, at all times, during the operation of the Houseboat and the use of the Equipment.

RUNNING EXPENSE & FUEL. Lessee agrees to pay all fees, charges and expenses attendant and incidental to the use and operation of the Houseboat and Equipment during the use period, including, but not limited to, fuel and oil. Under no

**Filed**        **25-CI-00220**    **08/19/2025**        **Tony Kerr, Russell Circuit Clerk**

IP: 74.195.115.99 Email: davidcreager83@gmail.com Version: 1.0.0.20190102

**EXHIBIT B**

Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk

circumstances shall Lessee contract for or agree to the payment of such fee, charges or expenses in the name of Company. The reservation payment does not include the cost of gas or oil. The reservation payment does not include the cost of gas or oil, and in such event, Lessee shall be responsible for refueling the Houseboat (and paying the cost thereof) when it is returned to Company.

ACCIDENT, BREAKDOWN AND UPSET. In case of accident, malfunction or breakdown, Lessee shall immediately report same to Company. It is agreed and understood by Lessee that Company shall not be held liable for damages, inconvenience or time lost caused by accident, breakdown, or malfunction of the Houseboat or the Equipment. Lessee understands and agrees that in the event of a collision, accident or other casualty, Lessee shall, so far as Lessee can without causing serious danger to the Houseboat and its passengers, render to other persons affected by collision, accident or other casualty, such assistance that may be practicable and as may be necessary to save them from or minimize any danger or injury. Lessee further agrees to cooperate fully, as may be necessary or required, with all investigations conducted by Company or any governmental, regulatory or law enforcement agency or department. No repairs may be performed to the Houseboat or the Equipment by Lessee. If any accident, malfunction, breakdown, or defect is caused, in whole or in part, by an act of willful misconduct, gross negligence, or negligence of Lessee, the amount of $10,0000 and the amount of Prepaid Rent shall be immediately forfeited, and Lessee shall be liable for all Losses. The foregoing shall not limit Company's ability to seek further damages at law or equity.

REPAIRS. Lessee acknowledges and understands that Company cannot guarantee against any mechanical failures of the Houseboat or Equipment. Lessee agrees to immediately notify Company of defective or non-working units. After any discovery of defect in the Houseboat or Equipment, Lessee's continued use of same shall be entirely at Lessee's risk, and thus Lessee assumes all risk of loss, injury and damage to all persons and property that may occur by its continued use. Excepting ordinary wear and tear, Lessee agrees that repair costs may be charged to your credit card on file as Losses. To the extent that repair costs exceed the amount of the $10,0000, Lessee shall be billed by Company for the full amount of Losses caused by Lessee during the rental period, including reasonable attorneys' fees if applicable.

THEFT OR LOSS. Lessee bears all risk and responsibility for any loss or theft of the Houseboat and/or the Equipment and supplies, or any portions thereof, and shall pay Company the full cost of repair or replacement. In the case of theft or loss, Lessee is responsible for the replacement value of the Houseboat and Equipment.

CONDITION UPON RETURN. Lessee shall return the Houseboat and Equipment to the designated docking area at the marina from which the Houseboat was launched (the "Marina") at the time and date specified herein, clean, free of garbage and debris, and in the same condition as when delivered to Lessee, excepting ordinary wear and tear. Lessee shall be responsible for any and all Losses caused to the Houseboat or the Equipment during the rental period. Company shall retain any portion (or all) rental, as necessary, to cover repairs or replacements for such Losses. Lessee agrees and acknowledges that Lessee is responsible for all Losses, even if they are above the amount of Lessee's initial Security Deposit or credit card authorization. In the event Lessee fails to return the Houseboat and Equipment to the designated docking area at the time and date specified herein, Lessee agrees to pay a late charge at a rate of $100.00 per 15 minutes late. There will be no refunds for early return.

LIMITATION ON USE. With respect to the operation of the Houseboat during the use period, Lessee herein agrees, warrants and represents that he/she has read and understands the Rules and Regulations attached to this Agreement as Exhibit A and incorporated herein by reference. Lessee agrees to comply with all Rules and Regulations pertaining to the operation of the Houseboat and the Equipment. Company reserves the right to reclaim the Houseboat and Equipment from the Lessee at any time during the rental period without refunding the Lessee the reservation fee or the Security Deposit if Houseboat or Equipment is being misused, Lessee is disturbing the public by the manner in which he/she or Lessee's Permitted Operators are operating the Houseboat or Equipment, or if Lessee and/or his/her family members or guests fail to comply with any of the Rules and Regulations attached hereto as Exhibit A.

OPERATION. Except as provided herein, only Lessee shall be permitted to operate the Houseboat and Equipment. Lessee certifies that Lessee and all other operators approved by Company to operate the Houseboat (collectively, "Permitted Operators") meet the age and license requirements set forth in Exhibit B attached hereto and incorporated herein by reference, and that Lessee and Permitted Operators (if applicable) fully understand and are experienced in the navigation of the Houseboat rented or provided and is experienced in the use of all equipment provided. Lessee further certifies, represents and warrants that Lessee will at all times operate the Houseboat in a reasonable and prudent manner, having due regard for other Houseboat, wakes and all other attendant circumstances, so as not to endanger the life, limb or property of any person. Lessee further warrants that at all times while operating the Houseboat, Lessee will follow and comply with all safety and navigation markers, signs and/or buoys as well as all marked and posted operation restrictions regarding speed, wakes, area access and hazards, and all applicable laws and regulations. Lessee agrees not to carry more than the maximum number of passengers allowed for the Houseboat. Lessee acknowledges that he/she is responsible for the safety and welfare of all passengers on the Houseboat.

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000022 of 000033

EXH : 000004 of 000012

Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

Filed        25-CI-00220    08/19/2025        Tony Kerr, Russell Circuit Clerk

INSURANCE. Lessee understands that Company may not provide insurance to cover the risks of property damage, personal injury and death that could occur while Lessee is in, on or around the Houseboat or Company's facilities or premises or using the Water Devices (as defined in Exhibit A) rented for use with the Houseboat. Lessee understands and acknowledges that if Lessee does not have insurance to cover such risks, it is Lessee's duty to obtain such coverage before Lessee boards the Houseboat. Any insurer who may provide coverage to Lessee or others on the Houseboat has no right of subrogation against Company.

Lessee Initials:



**Initial**

EXPRESS ASSUMPTION OF RISK. Lessee understands that boating and water activities can be hazardous and pose substantial risks (including, without limitation, the risks set forth above) that can result in personal injury and even death, as well as damage to property. Lessee agrees that Lessee is renting, operating and/or using the Houseboat and Equipment at the risk of Lessee. Lessee agrees that Lessee is voluntarily participating in all activities related to the rental, operation, or use of the Houseboat and Equipment, and Lessee assumes all risk of injury, damage or loss that might result, EVEN IF THE RISKS ARISE OUT OF THE NEGLIGENCE OR FAULT OF COMPANY.

Lessee Initials:



**Initial**

RELEASE OF LIABILITY. Company shall not be liable to Lessee or any minor children under the custody, care and control of Lessee, or those claiming by, through, or under Lessee, for any injury to or death of any person or persons or damage to or loss of any property (collectively, "Damages") caused by or arising from the condition of the Houseboat or the Equipment or any activities related to the rental, use, possession or operation of the Houseboat or Equipment, REGARDLESS OF WHETHER THE NEGLIGENCE OF COMPANY CAUSED SUCH DAMAGES IN WHOLE OR IN PART. Lessee assumes full responsibility for any such Damages that may occur, and further agrees that Lessee shall not be liable for any loss or theft of personal property.

Lessee Initials:

Filed        25-CI-00220    08/19/2025        Tony Kerr, Russell Circuit Clerk

IP: 74.195.115.99 Email: davidcreager83@gmail.com Version: 1.0.0.20190102

**EXHIBIT B**

**Filed**        **25-CI-00220**    **08/19/2025**        **Tony Kerr, Russell Circuit Clerk**



**Initial**

Indemnify, defend, and hold harmless Company, its successors, assigns, agents, employees, contractors, partners, directors, officers, members, stockholders, affiliates and attorneys (collectively, the "Indemnified Parties") from and against all losses, costs, liabilities, claims, demands, fines, suits, actions and judgments of every kind or character (a) arising from the rental, use or operation of the Houseboat and Equipment by Lessee, (b) arising from Lessee's failure to perform its covenants under this Agreement (including any exhibit attached hereto), (c) recovered from or asserted against any of the Indemnified Parties on account of any Damages to the extent that any such Damages may be incident to, arise out of, or be caused, either proximately or remotely, wholly or in part, by Lessee or any other person using or occupying the Houseboat or Equipment REGARDLESS OF WHETHER COMPANY'S NEGLIGENCE CAUSED SUCH LOSS OR DAMAGE. HOWEVER, SUCH INDEMNIFICATION OF THE INDEMNIFIED PARTIES BY LESSEE SHALL NOT BE APPLICABLE TO THE EXTENT THAT SUCH LOSS, DAMAGE, OR INJURY IS CAUSED BY THE GROSS NEGLIGENCE OF COMPANY OR ANY OF ITS DULY AUTHORIZED AGENTS OR EMPLOYEES.

Lessee Initials:



**Initial**

GOVERNING LAW, JURISDICTION, VENUE, AND ATTORNEYS' FEES. This Agreement shall be construed and controlled by the laws of the state in which the Marina is located without regard to its rules of conflict of laws, and the parties further consent to exclusive jurisdiction in the federal courts sitting in the county where the Marina is located, unless no federal jurisdiction exists, in which case the parties consent to the exclusive jurisdiction and venue in the state court where the Marina is located. EACH PARTY WAIVES ALL DEFENSES OF LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS IN SUCH FORUMS. Process may be served on either party in the manner authorized by applicable law or court rule. In any dispute regarding this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees, court costs and expenses from the other party.

SPECIFIC NOTICE REGARDING RELEASE AND INDEMNITY. IT IS EXPRESSLY AGREED AND UNDERSTOOD THAT THIS AGREEMENT INCLUDES INDEMNIFICATION, RELEASE, EXCULPATION AND/OR WAIVER PROVISIONS WHICH, IN CERTAIN CIRCUMSTANCES, COULD MAKE LESSEE LIABLE AND RESPONSIBLE FOR THE CONSEQUENCES OF THE NEGLIGENCE OF COMPANY, EXCLUDING COMPANY'S GROSS NEGLIGENCE. LESSEE ACKNOWLEDGES THAT LESSEE HAS CAREFULLY REVIEWED THE PROVISIONS OF THIS AGREEMENT AND THAT

**Filed**        **25-CI-00220**    **08/19/2025**        **Tony Kerr, Russell Circuit Clerk**

**EXHIBIT B**

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000024 of 000033

EXH : 000006 of 000012

**Filed**        **25-CI-00220**    **08/19/2025**        **Tony Kerr, Russell Circuit Clerk**

LESSEE HAS ACTUAL NOTICE OF SUCH INDEMNITY, RELEASE, EXCULPATION AND/OR WAIVER PROVISIONS AND THAT CERTAIN RISKS AND LIABILITIES OF COMPANY HAVE BEEN SHIFTED TO LESSEE WHERE, BUT FOR THE PROVISIONS OF THIS AGREEMENT, SUCH RISKS AND LIABILITIES MIGHT HAVE REMAINED THE RESPONSIBILITY OF COMPANY.

Lessee Initials:



**Initial**

SEVERABILITY. If any provision of this Agreement or the application thereof to any person or circumstances shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

ENTIRE AGREEMENT. This Agreement, including any exhibits attached hereto, contains the entire agreement of the parties hereto with respect to the matters covered thereby, and no other agreement, statement or promise, whether oral or written, made by any party hereto or by any employee or agent of any party hereto, which is not contained herein, shall be binding or valid. In entering into this Agreement, Lessee has not relied upon any representation, warranty, or promise made by Company or Company's employees, agents, or representatives but has relied upon Lessee's own judgment.

EXHIBITS. The following Exhibits are attached to this Agreement and incorporated herein:

EXHIBIT A – RULES AND REGULATIONS

EXHIBIT B – STATE SPECIFIC AGE & LICENSE REQUIREMENTS

EXHIBIT C – EQUIPMENT CHECKLIST

DISCLOSURE OF ADDITIONAL DOCUMENTS. Lessee acknowledges the following documents have been made available for Lessee's review and are available online at: [http://www.suntex.com/privacy-policy. All such forms, documents and disclosures are incorporated herein by reference and are subject to change in Company's sole and absolute discretion.

SIGNATURE. By signing this Agreement, the Lessee herein certifies, agrees, and understands all terms, conditions, and obligations outlined herein, and further certifies that Lessee is not now, nor will be at any time during the operation of the Houseboat during the rental period, under the influence of alcoholic beverages or drugs. With this signature Lessee authorizes Company to bill Lessee's credit card for damages or additional rental and service fees, including, without limitation, late fees, resulting from this rental. Lessee has read and understands the rules and regulations of this Agreement and agrees to abide by them. This agreement shall be binding upon the heirs and successors of the parties.

IN SIGNING THIS AGREEMENT, I HEREBY ACKNOWLEDGE THAT I HAVE READ THIS ENTIRE AGREEMENT, INCLUDING ANY EXHIBITS ATTACHED HERETO, THAT BY SIGNING IT I AM GIVING UP SUBSTANTIAL LEGAL RIGHTS I MIGHT OTHERWISE HAVE, AND THAT I HAVE SIGNED IT KNOWINGLY AND VOLUNTARILY.

LESSEE:

**Filed**        **25-CI-00220**    **08/19/2025**        **Tony Kerr, Russell Circuit Clerk**

**EXHIBIT B**

Filed 25-CI-00220 08/19/2025 Tony Kerr, Russell Circuit Clerk

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000026 of 000033

COMPANY: CUMBERLAND SMI OPCO, LLC,

a Delaware limited liability company,

d/b/a State Dock Marina


STATE DOCK STAFF SIGNATURE


EXHIBIT A


RULES AND REGULATIONS

Lessee shall operate the Houseboat and Equipment in accordance with all safety rules and regulations, including, but not limited to, the following:

- The Lessee shall maintain his/her cell phone in the "on" position and within hearing distance of the ringer at all times so Company may contact Lessee at any time. It is Leesse's responsibility to provide Company with the best contact phone number while Lessee is boating.
- Lessee shall not operate any Houseboat or Equipment, or manipulate any water skis, surfboard, or similar device in a reckless or negligent manner so as to endanger the life or property of any person.
- The operation of the Houseboat and Equipment shall be restricted to daylight hours.
- The Houseboat shall be used exclusively as a pleasure Houseboat for the enjoyment of the Lessee, Lessee's family and guests.
- No weapons or illegal drugs shall be carried on the Houseboat at any time.
- Only Lessee and other Permitted Operators are permitted to operate the Houseboat.
- No dogs or other pets may be taken aboard the Houseboat without advance permission of Company.

EXH : 000008 of 000012

Filed 25-CI-00220 08/19/2025 Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

**Filed**          **25-CI-00220**      **08/19/2025**          **Tony Kerr, Russell Circuit Clerk**

- Lessee agrees not to permit any person to operate the Houseboat who is unqualified, under the age of 21, physically impaired, or under the influence of alcoholic beverages or controlled substances.
- Lessee shall not tow a person on water skis, inner tubes, wakeboards or kneeboards or the like behind houseboats.
- Lessee shall not operate the Houseboat or manipulate any water ski or similar towable device in in a reckless or negligent manner so as to endanger the life or safety to persons or damage to any property.
- Lessee shall not moor or fasten the Houseboat to a lawfully placed navigation buoy except in the case of emergency.
- Lessee shall not engage the Houseboat while anchor is still in the water; and shall not pull-up the anchor too quickly which may cause it to surface and cause damage to the Houseboat.
- Upon any motorized operation of the Houseboat, Lessee shall ensure the vessel's ladder is in the upright, secure and locked position. At no time shall the Houseboat be observed in motion and/or returned with the ladder in the down, unsecure and unlocked position.
- Lessee shall at all times dock the Houseboat with bumpers and dock lines out and readily assessable for appropriate docking.
- Company and its insurance underwriter accept no responsibility or liability for accidents, injuries or deaths due to or arising from, but not limited to, swimming, or use of snorkels, masks or other equipment whether or not provided by Company.
- While operating waverunners, Lessee and his/her guests are required to wear appropriate, supplied safety equipment at all times.
- Children 12 years of age or younger MUST at all times (unless below deck) wear a US Coast Guard approved personal floatation device.
- Lessee shall observe NO WAKE ZONES at all times. No swimming is permitted in NO WAKE ZONES.
- Rented Houseboat shall not be used for towing or pushing any houseboat, boats or objects whatsoever; nor shall any scuba diving be conducted from same.
- Lessee understands that Lessee is not allowed to have anyone else who has not signed this Agreement operate the Houseboat.
- Lessee agrees not to carry more passengers than the maximum number of passengers permitted onboard or exceed the maximum weight limit allowed by manufacturer. No passenger may ride outside the railing, including, but not limited to, the bow and stern of the Houseboat.
- Lessee will comply with all operating, fire and safety regulations on board the Houseboat.
- Lessee acknowledges and agrees that if Lessee has rented water skis, wakeboard(s), knee board(s), surfs, inner tubes or any other water play device (hereinafter referred to as "Water Devices"), that Lessee has had the opportunity to ask a representative of Company any questions about the Water Devices.
- Lessee agrees that operating the Houseboat or Equipment under the influence of drugs and alcohol will result in the immediate forfeiture of the Security Deposit, immediate confiscation of the Houseboat and Equipment, and immediate cancellation of this Agreement. Intoxication will not be tolerated on the Houseboat or on or around Company's premises. Lessee agrees that if Lessee is arrested for driving under the influence of intoxicants, or if Lessee allows anyone else under the influence to operate the Houseboat or Equipment, Lessee shall pay any and all additional charges incurred by Company that may arise from said arrest or intoxication. DO NOT DRINK AND DRIVE! THE POLICE WILL TICKET AND ARREST IF THE OPERATOR IS DRINKING ALCOHOL.
- LESSEE ACKNOWLEDGES THAT THE OPERATOR OF THE HOUSEBOAT IS RESPONSIBLE FOR THE SAFETY AND WELFARE OF ALL PASSENGERS.
- Houseboat shall be operated at all times in a reasonable and prudent manner so as not to endanger human life, human physical safety, or property.
- While operating the Houseboat and/or Equipment on public waters, Lessee shall NOT:
- Weave through congested watercraft traffic in a way that endangers human life, human physical safety, or property;
- Follow a watercraft that is towing an individual on water skis, a surfboard, or a water sport device in a way that endangers human life, human physical safety, or property;
- Jump the wake of another watercraft in a way that endangers human life, human physical safety, or property;
- Cut between a boat and the individual or individuals being towed by the boat;
- Cross paths with another watercraft when visibility around the other watercraft is so obstructed as to endanger human life, human physical safety, or property; or
- Steer a houseboat toward an object or individual in the water and turn sharply at close range in a way that endangers human life, human physical safety, or property.
- Lessee shall not operate the Houseboat and/or Equipment at any time between sunset and the following sunrise.
- Lessee shall not operate the Houseboat within fifty (50) feet of a commercial motor vessel and its tow which is in operation on a waterway.
- The parent, legal guardian, or other adult who has direct supervision over a minor under the age of eighteen (18) shall not knowingly authorize or permit the minor to operate the Houseboat and/or Equipment.
- **Lessee is not to park the boat on main channel of Lake Cumberland, no overnight parking, anchoring, or attaching to shore is allowed in main channel, unless an emergency situation occurs.**

**Filed**          **25-CI-00220**      **08/19/2025**          **Tony Kerr, Russell Circuit Clerk**

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000027 of 000033

EXH : 000009 of 000012

**EXHIBIT B**

Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk



EXHIBIT B

STATE SPECIFIC AGE & LICENSE REQUIREMENTS

Lessee:

I,



, certify that I am AT LEAST 21 YEARS OF AGE, that I hold a valid US Driver's License, and that I fully understand and am experienced in the navigation of the class of boat hereby rented and am experienced in the use of equipment provided. I certify that I have completed the requisite boating safety course required under laws of the state in which the Marina is located and any other applicable laws. I further certify, represent, and warrant that I will at all times operate the Houseboat in a reasonable and prudent manner, having due regard for other boats, wakes, and all other circumstances so as not to endanger the life, limb or property of any other person. I further warrant that at all times while operating the Houseboat, I will follow and comply with all safety and navigation makers, signs and/or buoys as well as marked and posted operating restrictions regarding wakes, speed, area access and hazards, and all applicable laws and regulations.

Signature:



Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

Filed          25-CI-00220    08/19/2025          Tony Kerr, Russell Circuit Clerk

## Participant's Name

**David**
First Name*

**Ryan**
Middle Name

**Creager**
Last Name*

**(304) 890-0179**
Phone*

## Participant's Date of Birth*

11 - November    16    1983



**Participant's Signature***

## Email Address

**davidcreager83@gmail.com**
Email*

**davidcreager83@gmail.com**
Confirm Email*

 Check to receive information, news, and discounts by e-mail.

## Driver's License / ID Card

**F072146**
Driver's License / ID Card Number*

Filed          25-CI-00220    08/19/2025          Tony Kerr, Russell Circuit Clerk

IP: 74.195.115.99 Email: davidcreager83@gmail.com Version: 1.0.0.20190102                    Page 10 of 11

**EXHIBIT B**

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000029 of 000033

EXH : 000011 of 000012

Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk

**WV**

Issuing State*

## Electronic Signature Consent*

☑ By checking here, you are consenting to the use of your electronic signature in lieu of an original signature on paper. You have the right to request that you sign a paper copy instead. By checking here, you are waiving that right. After consent, you may, upon written request to us, obtain a paper copy of an electronic record. No fee will be charged for such copy and no special hardware or software is required to view it. Your agreement to use an electronic signature with us for any documents will continue until such time as you notify us in writing that you no longer wish to use an electronic signature. There is no penalty for withdrawing your consent. You should always make sure that we have a current email address in order to contact you regarding any changes, if necessary.

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000030 of 000033

EXH : 000012 of 000012

Filed          25-CI-00220     08/19/2025          Tony Kerr, Russell Circuit Clerk

**EXHIBIT B**

AOC-120
Rev. 10-14

Sum Code: TP

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 14

**THIRD-PARTY SUMMONS**

Case #: **25-CI-00220**
Court:  **CIRCUIT**
County: **RUSSELL**

*Plaintiff,* **CREAGER, MATTHEW VS. CUMBERLAND SMI OPCO, LLC D/B/A STATE DO**, *Defendant*

TO:  **DAVID  R CREAGER**
     **236 SHADY LAKE DRIVE**
     **SHADY SPRING, WV 25918**

The Commonwealth of Kentucky to the Third-Party Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the complaint(s) delivered to you with this Summons. **Unless written response is made** by you or by an attorney on your behalf **within twenty (20) days** following the day these papers are delivered to you, **judgment by default** may be taken against you for the relief demanded in the attached complaint. **You must respond to both of the parties** demanding relief in this action.  The names and addresses of both parties or their attorneys are shown at the end of the complaint(s) delivered to you with this Summons.

/s/ Tony Kerr, Russell Circuit Clerk
by: _____ D.C.
Date: **08/19/2025**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

---

Summons ID: @90005859280
CIRCUIT: 25-CI-00220 Certified Mail
CREAGER, MATTHEW VS. CUMBERLAND SMI OPCO, LLC D/B/A STATE DO



Page 1 of 1



**EXHIBIT B**

| | | |
|---|---|---|
| AOC-120<br>Rev. 10-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 14 | <br><br>**THIRD-PARTY SUMMONS** | Case #: **25-CI-00220**<br>Court:    **CIRCUIT**<br>County: **RUSSELL** |

*Plantiff,* **CREAGER, MATTHEW VS. CUMBERLAND SMI OPCO, LLC D/B/A STATE DO**, *Defendant*

TO:   **DAVID  R CREAGER**
      **151 OSBORNE LANE**
      **SHADY SPRING, WV 25918**

The Commonwealth of Kentucky to the Third-Party Defendant:
**DAVID  R CREAGER**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the complaint(s) delivered to you with this Summons. **Unless written response is made** by you or by an attorney on your behalf **within twenty (20) days** following the day these papers are delivered to you, **judgment by default** may be taken against you for the relief demanded in the attached complaint. **You must respond to both of the parties** demanding relief in this action.  The names and addresses of both parties or their attorneys are shown at the end of the complaint(s) delivered to you with this Summons.

/s/ Tony Kerr, Russell Circuit Clerk
by: _____ D.C.
Date: **08/19/2025**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20_____

                                   _____
                                        Served By
                                     _____
                                        Title

Summons ID: @90005859281
CIRCUIT: 25-CI-00220 Certified Mail
CREAGER, MATTHEW VS. CUMBERLAND SMI OPCO, LLC D/B/A STATE DO



Page 1 of 1



**EXHIBIT B**



**Commonwealth of Kentucky**
**Tony Kerr, Russell Circuit Clerk**

**Case #: 25-CI-00220**                    **Envelope #:  11371538**

**Received From: PALMER, ANDREW MICHAEL**          **Account Of: PALMER, ANDREW MICHAEL**

**Case Title: CREAGER, MATTHEW VS. CUMBERLAND SMI**    **Confirmation Number: 207283221**
**OPCO, LLC D/B/A STATE DO...**
**Filed On 8/19/2025  12:34:38PM**

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Money Collected For Others(Postage) | $42.20 |
| 3 | Civil Filing Fee | $35.00 |
| 4 | Charges For Services(Copy - Photocopy) | $6.40 |
| 5 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $178.60 |

AA5548AC-2622-4781-8D34-5F213C5FCB5A : 000033 of 000033

Generated: 8/19/2025                                        Page 1 of 1

**EXHIBIT B**